CHARLES W. HAYES, Judge of Probate,

*vs.*

EDGAR M. BRIGGS, et als.

Piscataquis.    Opinion February 26, 1910.

*Executors and Administrators. Probate Bonds. Remedies. Repeal. Retroactive Effect. Constitutional Law. Obligation of Contracts. Repealing Act, 1903. Revised Statutes, 1883, chapter 72, section 16; 1903, chapter 74, sections 10, 16.*

Revised Statutes, chapter 74, section 10, authorizes suit on a probate bond for individual benefit, and section 16 authorizes such suit for the benefit of the estate. *Held*, that an attempt to proceed under one section cannot be sustained by the other.

Section 16, chapter 72, R. S., 1883, authorized a Judge of Probate to empower any interested party to commence suit on a probate bond. Section 16, chapter 74, R. S., 1903, permits the Judge of Probate to "expressly authorize or instruct an administrator or administrator de bonis non, on the petition of himself or any party interested," to commence such suit. *Held:* That section 16, chapter 72, R. S., 1883, was repealed in 1903 and section 16, chapter 74, R. S., 1903, substituted therefor.

The process prescribed in Revised Statutes, chapter 74, section 16, which permits the Judge of Probate to "expressly authorize or instruct an administrator," etc., to commence suit on a probate bond, is retroactive and applies to a suit on a probate bond given while section 16, chapter 72, R. S., 1883, was in force.

While the Constitution carefully guards the rights of private property, yet it does not prohibit the legislature from passing such laws as act retrospectively if they effect only the remedy.

Revised Statutes, chapter 74, section 16, which permits a Judge of Probate to "expressly authorize or instruct an administrator," etc., to commence a suit on a probate bond and which applies to suit on a probate bond given while section 16, chapter 72, R. S., 1883, was in force, is not unconstitutional as to its retroactive effect as impairing the obligation of the contract evidenced by the bond as it affects the remedy only and does not impair the rights of the party interested.

On exceptions by plaintiff. Overruled.

Action of debt upon an administrator's bond brought in the name of the Judge of Probate for the benefit of the estate of Orlando M. Briggs, late of Parkman, in the county of Piscataquis, and against Edgar M. Briggs, the administrator of said estate, and Cyrus I. Barker and Charles F. Safford, the sureties on said bond. Bond dated June 1, 1897. Writ dated September 7, 1909.

The defendants demurred to the declaration, the demurrer was sustained and the plaintiff excepted.

The case is stated in the opinion.

*Hudson & Hudson, and Manson & Coolidge,* for plaintiff.

*Foster & Foster,* for defendants.

*Fred V. Matthews,* for Charles F. Safford.

*Edgar M. Briggs,* pro se.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J. This is an action of debt upon a probate bond brought in the name of the Judge of Probate for the benefit of the estate of Orlando M. Briggs, late of Parkman, in the county of Piscataquis. The writ was entered at the September term of court, 1909. At this term a demurrer to the declaration was filed and sustained. To this ruling the plaintiff excepted. The declaration and demurrer make up the case. It is conceded in argument that this action was brought against the principal and sureties on an administrator's bond given in the estate of Orlando M. Briggs, late of Parkman, deceased, and that Francis W. Briggs, mentioned in the declaration, is a grandson of Orlando M. Briggs and claims to be interested in the estate. R. S., chap. 74, prescribed two methods of procedure by virtue of which an action may be brought against the principal and surety upon a probate bond. Section 10 provides: "Any

person interested personally, or in any official capacity, in a probate bond, or in a judgment rendered thereon, whose interest has been specifically ascertained by a decree of the Judge of Probate, or by judgment of law, as hereinafter provided, may originate a suit on such bond, or scire facias on such judgment, without applying to the judge whose name was used in the bond or judgment, or to his successor." Section 16 provides: "The Judge of Probate may expressly authorize or instruct an administrator or administrator de bonis non on a petition of himself or any party interested to commence suit on a probate bond for the benefit of the estate, or any party interested therein, and such authority shall be alleged in the process." Under section 10 a party who has complied with the requirements therein prescribed, may institute an action in the name of the Judge of Probate in his own behalf and recover judgment for his individual benefit. The remedy under this section is based upon the theory that when an interest in an estate in his favor has been ascertained and the administrator has failed to adjust it, the party interested has a personal remedy against the bond.

Under section 16 the procedure is for the benefit of the estate and not for that of the person interested. Although authorized to petition for the commencement of the suit, and become the agency to set the process in motion, yet he has no direct benefit in the result, not common to all interested in the settlement of the estate. For any failure on the part of the administrator to perform the duties required of him in the administration of the estate the latter remedy may be invoked.

Therefore it will be observed that the remedies prescribed by these two sections of the statute are entirely distinct and that an attempt to proceed under one section cannot possibly be sustained under the provisions of the other. It is not in controversy that this action is brought for the benefit of the estate, but under sec. 16 of the old statute. But this section of the statute as it stood in 1897, when the bond was given, was repealed in 1903, Repealing Act, R. S., page 1018, and the present section enacted. The case at bar could have been maintained under the old statute, but it is admitted by the plaintiff in his brief that it cannot be sustained under the present

statute, inasmuch as it would require the administrator to institute a suit against himself, a procedure absurd upon its face.

Therefore two questions arise : 1. Is the statute of 1903 retroactive? 2. If retroactive, is it constitutional? The general repealing act made necessary by the adoption of the revision of 1903 reads : "The public acts, passed during the years hereafter named and herein designated, are repealed, except so far as they are preserved or excepted in the following sections;" Under this section "An act to amend Section 16 of chap. 72 of the Revised Statutes relating to suits on probate bonds is expressly repealed." From this course of legislation it is manifest that the legislature intended to repeal the old section as amended, and substitute therefor the present section as it appears in the statute. By this repeal, if no new legislation had been enacted, no procedure whatever, for the benefit of the estate could have been instituted, as, without statutory authority such procedure could not be maintained. Therefore it is apparent that, by enacting section 16 as it now stands, the legislature did not intend to take away all remedy that had existed under the section repealed, but to make the process prescribed in the new enactment retroactive.

But the plaintiff contends that this section of the statute, if construed to be retroactive, is unconstitutional, as the remedy existing at the time the bond was given has been so changed by the new statute as to impair the obligation of the contract, evidenced by the bond. We think the contention untenable. "There is no vested right to a particular form of remedy." *Poor* v. *Chapin*, 97 Maine, 295. In *Oriental Bank* v. *Freese,* 18 Maine, 109, the court holds, "While the constitution carefully guards the rights of private property, it does not prohibit the legislature from passing such laws as act retrospectively if they affect only the remedy." In this case the statute when the debt was contracted authorized the creditor to arrest the body of the debtor. The authority to arrest was repealed after the debt had been contracted. It was contended that the new statute acted retroactively and was therefore unconstitutional : but the court said; "The legislature must necessarily possess the power . . . of making such alterations and such laws as the

change of circumstances, for the public good, may require. And in doing this he may be deprived of the right which he has by the existing laws to arrest the body or to attach or seize certain descriptions of property without infringing any constitutional provision." In the same case it was held that the legislature "possessed the power to take away by statute, what was given by statute, except vested rights."

In *Bangor* v. *Goding*, 35 Maine, 73, it was held, as appears from the head note which fairly states the case: "The repeal of the statutory provision, giving a lien upon property, defeats the lien remedy, although, at the time of the repeal, the proceedings, prescribed by the statute for enforcing the lien, had been instituted and were rightfully pending in court. A lien created by the provisions of a statute in favor of a contract creditor is but a part of the remedy afforded for collecting the debt. The repeal of such a provision, is merely a change in the remedy and does not impair the obligation of the contract." The general doctrine laid down in these cases is too thoroughly established to require further citation.

The plaintiff, in support of his contention, cites several authorities, but a fair analysis of the case at bar shows that they do not apply. The principle upon which these cases proceed seems to be fairly stated in *Phinney* v. *Phinney*, cited by plaintiff, 81 Maine, 450, in which the court say that when "a subsequent statute so changes the nature and extent of existing remedies as materially to impair the rights and interests of a party in a contract," it is unconstitutional. We think the rule here enunciated is in full accord with that stated in *Banks* v. *Freese* and *Bangor* v. *Goding*, supra.

Upon examination it will appear that all the cases supporting the plaintiff's contention are predicated upon the existence of privity of contract on the part of the person claiming that his contractual rights have been impaired. *Phinney* v. *Phinney*, is clearly such a case. The mortgagee had taken a mortgage with reference to a specific time prescribed for the running of the equity of redemption. The statute undertook, without the consent of the mortgagee, to extend this period of time for the benefit of the creditors of the mortgagor. In this matter, the mortgagee was directly interested

and a material right was manifestly impaired. The legislature might as well have undertaken for the benefit of some third party to extend the time for the payment of a promissory note.

But an analysis of the interest in the bond of the party who, under the statute of 1897, might be authorized to bring suit in the name of the Judge of Probate, for the benefit of the estate, shows that he sustained no relation of privity to the contract upon which he might be so authorized "to commence a suit." The probate bond upon which the administrator was principal, constituted a contract with the Judge of Probate, eo nomine, and with no other person either directly or by inference. Without the provisions of the statute neither the administrator, nor any person interested in the estate, could possibly bear any such relation of privity to a probate bond as to enable him to bring suit upon it. But it was competent for the legislature to prescribe any method it saw fit for the enforcement of the conditions of this kind of a bond. It could have said that the Judge of Probate under certain conditions could institute proceedings on his own motion; but undoubtedly recognizing the more probable vigilance of direct interest, saw fit to confer upon the party interested the right to petition the Judge for authority to commence an action against the administrator. This was simply another form of remedy but had no tendency to establish any relation of privity between the party interested and the contract.

This legislation neither enlarged nor diminished the rights of any party interested in the estate. It simply said that such party might do the things prescribed by statute. The legislature could have said that a brother, a cousin or an uncle should have the right to petition the Judge of Probate to bring suit, etc. Yet it could not be contended that this in any way could have made any of these parties privy to the contract. But the results to be accomplished by the Judge of Probate, if the power had been conferred upon him, or the uncle or cousin if the power had been conferred upon them, would have been precisely the same and for the same purpose, the benefit of the estate.

If we now revert to the statute as it stood in 1897, and as it is now, we shall readily discover that the latter statute affected the

remedy only. The earlier statute read: "The Judge of Probate may expressly authorize any party interested to commence suit," etc. The present statute reads: "The Judge of Probate may expressly authorize or instruct an administrator or administrator de bonis non on the petition of himself or any party interested to commence a suit," etc. In other words, the latter statute simply changes the description of the person authorized to commence a suit. After the suit is instituted every feature of the proceeding; the rights of every party interested in the estate; the rights of the particular party who might have been authorized "to commence a suit;" the result of the suit; the distribution of the estate; are all precisely the same under one statute as under the other.

The repeal of the old and the enactment of the new statute affected only the remedy, and in no way impaired "the rights of the party interested" in the obligation of the contract contained in the conditions of the bond.

*Exceptions overruled.*